IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-CV-03131-S-WBG |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff Robert Durham's appeal of the Commissioner of Social Security's final decision denying his applications for disability insurance benefits and supplemental security income. For the following reasons, the Commissioner's decision is AFFIRMED.

I.  BACKGROUND

Plaintiff was born in 1966 and has at least a high school education. R. at 19, 32-33, 145, 153, 183. He previously worked as a correction officer, private security officer, an assistant construction superintendent, and a construction superintendent. R. at 19, 36, 39-41, 57. In January 2017, Plaintiff applied for disability insurance benefits and supplemental security income, alleging a disability onset date of May 5, 2015. R. at 11, 153-54. In April 2017, his applications were denied. R. at 11, 81-87. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). R. at 11, 88-89.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi, who was recently appointed as the Acting Commissioner of the Social Security Administration, is automatically substituted for former Commissioner of the Social Security Administration Andrew Saul as Defendant in this suit.

A hearing was held before ALJ Victor Horton on November 15, 2018. R. at 27-62. Thereafter, the ALJ issued a decision finding Plaintiff is not disabled. R. at 8-21. He concluded Plaintiff's severe impairments include obesity, degenerative disc disease of the lumbar and cervical spine, hernia status post repair, osteoarthritis of the left knee, chronic pain syndrome, and left leg phlebitis. R. at 14. Additionally, the ALJ found Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b) with the following additional limitations:

> [Plaintiff] must have a sit/stand option at the work site with the ability to change positions frequently, which is further defined as every hour for one minute and then he can return to the same or a different position. [Plaintiff] can occasionally climb stairs and ramps, but never climb ladders and scaffolds. [Plaintiff] can occasionally stoop, but never kneel, crouch, and crawl. [Plaintiff] can frequently push and pull with arms and right leg as well as reach in all directions, including overhead. [Plaintiff] can occasionally push and pull with his left leg. [Plaintiff] can never lift overhead. [Plaintiff] must avoid concentrated exposure to extreme cold and vibrations, further defining vibrations as performing jobs such as operating jackhammer or other equipment where the operator is significantly vibrated. [Plaintiff] must avoid all hazards of heights and machinery.

R. at 16. Based on the RFC and a vocational expert's ("VE") testimony at the hearing, the ALJ concluded Plaintiff is not capable of performing his past relevant work. R. at 19. The ALJ determined Plaintiff could work as an office helper. R. at 20. Plaintiff unsuccessfully appealed the ALJ's decision to the Appeals Council. R. at 1-7. He now appeals to this Court. Doc. 3.

## II. STANDARD OF REVIEW

Judicial review of the Commissioner's decision is a limited inquiry into whether substantial evidence supports the findings of the Commissioner and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Turpin v. Colvin,* 750 F.3d 989, 992-93 (8th Cir. 2014). The Court must affirm the Commissioner's decision "if substantial evidence in the record as a whole supports [the] decision." *Hilliard v. Saul*, 964 F.3d 759, 761-62 (8th Cir. 2020) (citation omitted). The

threshold for such evidentiary sufficiency is not high. *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020) (citation omitted). "As long as substantial evidence in the record supports the Commissioner's decision, [a reviewing court] may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted).

In evaluating for substantial evidence, a court must consider evidence that supports the Commissioner's decision as well as evidence that detracts from it. *Anderson v. Astrue,* 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions, the court must affirm. *See id.*

### III. DISCUSSION

Plaintiff's sole argument is that the ALJ's RFC is "not supported by substantial evidence," and therefore, this matter must be reversed. Doc. 14 at 1, 9-23. One's RFC is the "most you can still do despite your limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017) (quoting *Strongson v. Barnhart,* 361 F.3d 1066, 1070 (8th Cir. 2004) and *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). Because the RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation

3

Case 6:20-cv-03131-WBG   Document 25   Filed 09/21/21   Page 3 of 13

omitted). However, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Id*.

Plaintiff argues remand of the ALJ's decision is required because the ALJ (A) did not properly evaluate the severity of his subjective complaints, (B) erred in giving "little weight" to the assessment of Dr. Cesar, and (C) the RFC is not supported by substantial evidence. Doc. 14 at 9-23.

### A. Plaintiff's Subjective Complaints

When evaluating a Social Security claimant's subjective complaints, the ALJ "must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and 20 C.F.R. § 404.1529(c)). The ALJ is not required to discuss each of these factors. *Id*. (citation omitted). Further, the "ALJ may decline to credit a claimant's subjective complaints 'if the evidence as a whole is inconsistent with the claimant's testimony.'" *Julin v. Colvin*, 826 F.3d 1082, 1086 (8th Cir. 2016) (citation omitted).

A reviewing court does not reweigh the evidence before the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016) (citation omitted). Additionally, the Court must "defer to the ALJ's determinations regarding" credibility "so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citation omitted). This is because determinations about credibility "are in the province of the ALJ," and therefore, this Court "will not substitute its opinion for the ALJ's, who is in a better position to gauge

credibility and resolve conflicts in evidence." *Nash v. Comm'r, Soc. Sec. Admin.*, 907 F.3d 1086, 1090 (8th Cir. 2018) (citations omitted).

In determining Plaintiff's RFC, the ALJ considered, *inter alia*, Plaintiff's testimony and subjective complaints. R. at 8-21. The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. R. at 17. Specifically, the ALJ found Plaintiff's objective medical evidence, which included some mild or moderate findings and conservative treatment, were not consistent with disabling impairment. R. at 16-21.

The ALJ found Plaintiff's musculoskeletal conditions, in combination, could limit his ability to perform work activities, though not to the extent that he is "disabled." R. at 17. Specifically, the ALJ considered that imaging studies have shown Plaintiff suffers from degenerative disc disease in his cervical and lumbar spine. R. at 17. A CT scan following a motor vehicle accident revealed no fracture or traumatic injury, although there were degenerative changes and "potential impingement upon…nerve roots." R. at 17, 235, 380. An MRI of Plaintiff's lumbar spine also indicated spondylosis, stenosis, and disc bulging. R. at 17, 301. Additionally, the ALJ found Plaintiff's physical examinations have been unremarkable – showing normal gait and station; adequate muscle strength and tone; normal range of motion in his back, neck, and extremities; and normal sensation. R. at 17; *see also* R. at 246, 266, 332-33, 337, 355, 387-90. Furthermore, the ALJ noted that although Plaintiff reported back pain for several years, he received "little treatment," other than narcotic pain medication. R. at 17; *see also* R. at 43, 45-46, 53-54, 386. Specifically, the ALJ noted that Plaintiff had not been followed by medical providers for back issues on an ongoing basis and that he has not had "surgery, physical therapy, or injections" for his conditions. R. at 17.

Plaintiff contends the ALJ erred by failing to consider whether his lack of insurance was a potential explanation for his lack of medical treatment. Doc. 14 at 13. However, there is no evidence Plaintiff was ever denied medical treatment due to financial reasons. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005). Thus, the ALJ properly considered Plaintiff's conservative treatment, which included lack of surgery, physical therapy, or injections to treat his conditions. *See Whiteman v. Colvin*, 762 F.3d 701, 706 (8th Cir. 2014) ("The ALJ properly considered [the claimant]'s lack of medical care, including his failure to seek care from 'charity' providers, as relevant, considering [the claimant]'s allegations of 'unbearable back pain for the last two years.'"). Here, it was within the province of the ALJ in assessing credibility to decline to credit Plaintiff's subjective complaints that were inconsistent with the medical records. *See Julin*, 826 F.3d at 1086.

Plaintiff also argues the ALJ erred in relying on Plaintiff's daily activities when concluding he was capable of light work. Doc. 14 at 21. Based on his testimony, the ALJ found that Plaintiff drives, cooks, washes dishes, does laundry, sweeps, takes out the trash, and shops in stores. R. at 18, 47-49. Additionally, the evidence established that he lives with his disabled wife who suffers from a degenerative disease, and he can push her in a wheelchair. R. at 32, 52. Plaintiff reported to Dr. Scher that he was able to conduct his activities of daily living without assistance. R. at 67. As set forth in the record, Plaintiff's activities of daily living also do not support the alleged severity of his impairments.

The Court is mindful of Eighth Circuit decisions which have observed that an ability to perform light housework or visit with friends provides little or no support for a finding that claimant can perform full-time competitive work. *See, e.g., Reed v. Barnhart,* 399 F.3d 917, 923-24 (8th Cir. 2005) (observing that a claimant "need not prove she is bedridden or completely

6

Case 6:20-cv-03131-WBG    Document 25    Filed 09/21/21    Page 6 of 13

helpless to be found disabled."); *Burress v. Apfel,* 141 F.3d 875, 881 (8th Cir. 1998).  The Eighth Circuit has held, however, that daily activities "which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility."  *Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012) (quoting *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010)).  For example, the Eighth Circuit has held that more significant activities such as "cooking, vacuuming, washing dishes, doing laundry, shopping, driving, and walking, are inconsistent with subjective complaints of disabling pain."  *Medhaug v. Astrue*, 578 F.3d 805, 817 (8th Cir. 2009) (citations omitted).  In this case, because Plaintiff's activities are more significant than light housework or visiting friends, the ALJ properly considered Plaintiff's daily activities when evaluating his alleged impairments.  20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

The objective medical evidence does not support Plaintiff's subjective claims of disabling physical impairment.  Additionally, Plaintiff's daily activities are not consistent with his subjective allegations of disabling pain.  On review, this Court cannot reweigh the evidence and must defer to the credibility assessment of the ALJ.  Here, the credibility assessment is supported by good reasons and substantial evidence.  Based on the foregoing, the Court will not disturb the ALJ's decision to discredit, in part, Plaintiff's subjective complaints.

### B. Weight Given to Medical Opinions

In determining Plaintiff's RFC, the ALJ also considered the medical opinions, treatment records, and objective medical evidence. R. at 8-21.  Regarding Plaintiff's mental limitations, the ALJ gave significant weight to the opinion of Stephen Scher, Ph.D., a state agency psychological consultant. R. at 18. Dr. Scher opined that Plaintiff did not have a medically determinable mental impairment due to his normal exams, his failure to return agency paperwork, and because he tried to "double-fill a Xanax prescription." *Id*.; *see also* R. at 67-68, 74-76.  Contrary to Dr. Scher's

7
Case 6:20-cv-03131-WBG   Document 25   Filed 09/21/21   Page 7 of 13

findings, the ALJ found a medically determinable mental impairment in this case, but otherwise found Dr. Scher's reasoning to be "sound" and "consistent with the evidence." *Id* at 18.[2] Regarding Plaintiff's physical functional limitations, the ALJ considered the opinion of Kyle Harken, D.O., a consultative examiner, and James Cesar, D.O., Plaintiff's treating physician. *Id*.

**(1) Kyle Harken, D.O.**

In June 2016, Dr. Harken performed a consultative examination of Plaintiff. R. at 385-88. Dr. Harken indicated Plaintiff had "significant" back pain that "seem[ed] to be debilitating at this time." R. at 388. Despite this statement, Dr. Harken made normal observations of Plaintiff during his physical examination. For example, he observed Plaintiff's gait was "unlabored without need for assistive device." *Id*. He also noted Plaintiff had no muscle atrophy, spasm, or tenderness to palpation. *Id*. He observed a functional range of motion of the cervical and lumbar spine. R. at 387. Dr. Harken noted Plaintiff was able to get on and off the exam table without difficulty, had no difficulty ambulating across the room, and did not require use of an assistive device. *Id.*

In addition to his examination report, Dr. Harken prepared a range of motion form. R. at 389-90. He recorded range of motion measurements that showed no limitations in Plaintiff's elbows, wrists, grip strength, hips, ankles, cervical spine and "straight leg raising." *Id*. Dr. Harken found Plaintiff's shoulders to have no limitations, with the exception of a minor limitation in his external rotation ability in his right shoulder. *Id*. He also found relatively minor limitations in the knee and lumbar spine areas. *Id.* Even with those minor limitations, his overall ranking of the upper and lower muscle strength remained "normal." *Id.*

Although Dr. Harken's physical examination revealed normal findings and observations, he ultimately concluded Plaintiff's "ability to perform and sustain work-related functions such as

---

[2] Plaintiff's appeal does not raise any issue regarding the mental limitations in the ALJ's RFC. *See* Doc. 14.

sitting, standing, walking, lifting, carrying, or handling objects could be significantly limited due to the degenerative disc disease in his lower back." *Id*. The ALJ considered and assigned "partial weight" to Dr. Harken's opinion. R. at 18. He concluded Dr. Harken's finding of no mental limitations to be consistent with the overall evidence. *Id*. However, he found Dr. Harken's use of the term "debilitating" was improper, noting that said terminology "touches on an issue reserved to the commissioner." *Id*.; *see also Ellis v. Barnhart,* 392 F.3d 988, 994 (8th Cir. 2005) (recognizing that "[a] medical source opinion that an applicant is 'disabled' or 'unable to work,' however, involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight."). In addition, the ALJ found Dr. Harken's use of the term "debilitating" was inconsistent with the normal strength, range of motion, reflexes, and sensation that he observed in the physical examination of Plaintiff's spine and extremities. *Id*. Additionally, the ALJ acknowledged Dr. Harken did not "specify any particular functional limits" in his opinion, so "it is of limited usefulness." *Id*.

The ALJ did not err in assigning partial weight to Dr. Harken. The findings of Dr. Harken were not consistent with the objective medical records in this case and Dr. Harken's own findings, including normal strength, range of motion, reflexes, and sensation that Dr. Harken observed during his physical examination of Plaintiff. *See also* R. at 18. The ALJ may properly reject the opinion of any medical expert if it is inconsistent with the medical record as a whole. *Pearsall v. Massanari,* 274 F.3d 1211, 1218-19 (8th Cir. 2001).

**(2) James Cesar, D.O.**

In October 2018, Plaintiff's treating physician, Dr. Cesar, executed a Medical Source Statement – Physical ("MSS"). R. at 394-96. Based on his clinical findings, diagnoses, and

treatment of Plaintiff,[3] Dr. Cesar opined that Plaintiff has significant physical limitations. *Id*. For example, Dr. Cesar stated Plaintiff could never lift or carry twenty or more pounds; and never twist, stoop, crouch, crawl, or climb. *Id*. at 395. In addition, Dr. Cesar indicated Plaintiff could rarely[4] lift or carry ten or less pounds, balance, reach, handle, finger, or feel. *Id*. He also opined Plaintiff could only sit for fifteen minutes at a time before changing positions; sit for less than two hours total in an eight-hour workday; stand for only fifteen minutes at a time before needing to sit down; and would need fifteen-minute breaks "at least hourly." *Id*. at 395-96. According to Dr. Cesar, Plaintiff would be off task at least twenty-five percent of an eight-hour working day, would be incapable of low stress work, and would miss more than four days of work per month due to his conditions. *Id*. at 396.

The ALJ considered and gave "little weight" to Dr. Cesar's opinion. R. at 18. The ALJ found the "extreme degree of limitation" opined by Dr. Cesar was "not supported by the generally conservative care and routine findings on physical examinations." *Id*. According to the applicable regulations (for claims filed before March 27, 2017), an ALJ should generally assign more weight to the medical opinion of a source who has examined a claimant. 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1). Further, a treating medical provider's opinion is generally afforded "more weight" because "these sources are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations . . . ." *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

---

[3] The medical treatment records from Dr. Cesar included in the administrative record largely consist of prescription forms for various pain medications and rough, handwritten notes regarding same. R. at 398-442.

[4] In the MSS, "rarely" is defined as "1% to 5% of an 8-hour working day." R. at 395.

The applicable regulations require the ALJ to give "controlling weight" to a "treating source's medical opinion on the issue(s) of the nature and severity" of the claimant's impairments if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record. *Id*. The ALJ must "give good reasons" for the weight given to a treating provider's opinion. *Id*. If there is a conflict in medical opinions in the record, the ALJ must resolve those conflicts and determine the weight to give to each opinion. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). The ALJ must evaluate the record as a whole, and a treating physician's ultimate opinion does not automatically control if it is inconsistent with the overall record. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Reed v. Barnhart*, 399 F.3d 917, 920-21 (8th Cir. 2005) (citations omitted).

Plaintiff argues the ALJ failed to provide good reasons for giving little weight to Dr. Cesar's opinion. Doc. 14 at 15. He claims his treatment was not "conservative" as stated by the ALJ because he underwent pain management and was prescribed narcotics, including Oxycodone, Roxicodone, Oxycontin, and fentanyl patches. *Id*. at 16. He claims this treatment is consistent with the presence of disabling pain. *Id*. Regarding the ALJ's finding that routine physical examination findings did not support Dr. Cesar's opinion, Plaintiff argues the ALJ failed to explain why abdominal tenderness and low back pain, which are both noted in Dr. Cesar's opinion, were not sufficient to support disabling limitations. *Id*. at 16-19.

Plaintiff also asserts medical evidence supports Dr. Cesar's opinion. *Id*. at 16-19. Specifically, he notes his testimony about back pain and neuropathic pain in his abdomen and down his left leg were the biggest reasons he was unable to work. R. at 43-44. Consistent with his testimony, Plaintiff claims he was found to exhibit abdominal tenderness and lower back pain. Doc. 14 at 17.

The standard of review is not whether evidence would support a contrary finding, but rather whether substantial evidence supports the ALJ's findings. *See Cline*, 771 F.3d at 1102. In the instant case, the ALJ provided ample explanation for the weight given to Dr. Cesar's opinions and detailed the significant objective medical evidence the ALJ relied upon in determining Plaintiff's RFC. R. at 18. Specifically, Plaintiff's physical examinations were unremarkable, showed normal gait and station, had adequate muscle strength and tone, showed that he felt normal sensations, and demonstrated there was normal range of motion in his back, neck, and extremities. R. at 17, 246, 266, 332-33, 337, 355, 387, 389-90. Additionally, Plaintiff did not demonstrate any neurological, sensory, motor, or reflex abnormalities, nor any muscle atrophy, spasms, or tenderness to palpation. R. at 387-88.

As discussed *supra*, section III(A), the objective medical evidence does not support the limitations assessed by Dr. Cesar. It is the function of the ALJ to weigh conflicting evidence. *Kirby v. Astrue,* 500 F.3d 705, 709 (8th Cir. 2007). As noted above, the ALJ may properly reject the opinion of any medical expert if it is inconsistent with the medical record as a whole. *See Pearsall,* 274 F.3d at 1218-19. The substantial evidence in the record supports the ALJ's decision to afford Dr. Cesar's opinion little weight.

### C. Medical Evidence Supporting the ALJ's RFC

Despite Plaintiff's assertion that he cannot function at a restricted light level of work, the medical records and objective evidence demonstrate otherwise. *See supra*, section III(A). Accordingly, the ALJ determined Plaintiff can perform light work with additional limitations: must have a sit/stand option at work, with the ability to change positions frequently; can occasionally climb ramps or stairs, but never climb ladders or scaffolds; can occasionally stoop, but never kneel, crouch, and crawl; can frequently push and pull with arms and right leg as well as reach in all

12

Case 6:20-cv-03131-WBG   Document 25   Filed 09/21/21   Page 12 of 13

directions, including overhead; can occasionally push and pull with his left leg; can never lift overhead; must avoid concentrated exposure to extreme cold and vibrations; and must avoid all hazards of heights and machinery is supported by the record and accurately depicts his limitations. R. at 16. Based on the foregoing discussion of the medical evidence, including medical opinions, and its careful review of the record, the Court finds the ALJ's RFC is supported by medical opinions and medical evidence. The Court also concludes the ALJ's RFC is supported by substantial evidence in the record as a whole. Accordingly, the Court must affirm the Commissioner's decision.

## IV. CONCLUSION

For the foregoing reasons, the Court finds the Commissioner's decision is supported by substantial evidence on the record as a whole, and therefore, is AFFIRMED.

**IT IS SO ORDERED.**

DATE:　　September 21, 2021　　　　　　　　　/s/ W. Brian Gaddy
　　　　　　　　　　　　　　　　　　　　　　　　　W. BRIAN GADDY
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE